JOSEPH GROVES v. RICHARD BLOXOM, WILLIAM TOMLINSON and DANIEL R. BURTON.

If there be but one count in the declaration in an action of trespass *quare*

*clausum fregit* which alleges a breaking and entering of the close, and the asportation of goods and chattels of the plaintiff therefrom by the defendant, the trespass alleged upon the plaintiff's possession of the close and real property described in it, as required by the statute in such case made and provided, will constitute, not only the main ground, but the whole gist of the action; and, therefore, if the plaintiff fails to prove in such case, a forcible breaking and entering of the close as alleged in it, he cannot recover for the asportation of the goods and chattels, although the same be proved as alleged in it. To entitle the plaintiff to recover in such a case, for the taking of the goods merely, there must be another and a separate count in the narr for the asportation of them simply.

The degree of force necessary to be proved in the breaking and entering of the close in question, by a public officer acting under execution process, to constitute trespass *quare clausum fregit*.

An action of trespass will not lie against a public officer for levying upon, or taking into his possession under execution process, the goods of the defendant in the execution, notwithstanding they may be such as are not subject by law to execution.

THIS was an action of tresspass *quare clausum et domum fregit* for breaking and entering the dwelling house of the plaintiff and the asportation of certain goods therefrom belonging to him. The only plea relied on was that the defendant, Bloxom, was a constable of the county and had in his hands a write of *venditioni exponas* at the suit of the other two defendants, Tomlinson & Burton, who were partners in trade, against the plaintiff on a judgmemt recovered by them against him before a justice of the peace, on which a writ of *fieri facias* had been duly issued and levied on his goods in question and returned before the issuing of the said *venditioni exponas* thereon, and that he peaceably took the said goods into his possession as constable under and by virtue of it. There was but one count in the narr, which was for forcibly breaking and entering the dwelling house of the plaintiff and wrongfully taking and carrying away from it his goods and chattels. The record of the judgment and writ was duly proved and put in evidence, and the proof as to the taking of the goods was that all the household goods and chattels of the plaintiff subject to execution

had been duly levied on under the *fi. fa.* and that the co-defendants sent their driver and team with Bloxom, the constable, to take the same into his possession and to haul them away from the premises under the writ of *venditioni* which he then had in his hands; and that when they reached the house they found no one in or about it, nor could they learn on inquiry of the nearest neighbor, where the plaintiff's family all were, but learnt that they had been at home only a short time before their arrival there that morning. The front door was closed and fastened, but the back door was not, and was slightly open when they reached it, through which they entered the house and carried away, among other things, two wooden chests, one of which was locked, the other not, but the witness did not see either of them opened on that occasion, and that they left several articles, and with them, all the clothing and apparel which he saw in the house. The chests were opened afterward, however, on the day of the constable's sale, and he then saw that one of them contained some papers, a notched stick, and a Mexican silver dollar.

*Cullen,* for the defendant. There was no proof of any breaking of the close, or wrongful entering of the house of the plaintiff by the defendant, Bloxom, as constable, under the authority of the execution and levy and the *venditioni* which he then had in his hands; and the only question, therefore, to be considered was, was there an unlawful taking and carrying away of any of the goods and chattels of the plaintiff by him. There was only one count in the narr, and that was for breaking and entering the house and carrying away the goods. There was no separate count in the narr for the simple asportation of them, as there should have been, to entitle the plaintiff to recover a verdict, even for that, in such a case as this had been proved to be. There being no such separate count in the narr, and but one count in it, and that for breaking and entering his close and his house which

was a part of it, and taking and carrying away his goods, it constituted in construction of law but one wrong, one continued and simultaneous act of trespass; and in such a count the gist of the action and complaint was the alleged invasion of, and injury to the possession of the realty, which was local in its character, and in which the taking and carrying away of personal property in the same trespass, could only serve, like *alia enorma*, to aggravate the character of it and enhance the damages to be recovered for it.   But if upon the evidence the plaintiff could not recover for the alleged trespass upon his possession of the real property, his close and house, he could not recover for the wrong done him in taking his goods, provided there was any such trespass even, under the facts and circumstances proved in the case, without declaring in a separate and distinct count *de bonis asportatis*, which unlike the other, was wholly transitory in its character. 2 *Wheat. Selw. N. P.* 1371. 2 *Ch. Pl.* 863. 2 *Saund. Pl. & Ev.* 1121. 1 *T. R.* 475.

*Layton*, for the plaintiff, cited and relied on the same authorities to the sustain the right of the plaintiff to recover on the only count contained in the narr, for the asportation of the goods merely; and if the defendant Bloxom, as constable, took any goods of the plaintiff, not subject by law to execution, or which were not in fact, included in the inventory and levy upon his good and chattels, or were not included and sufficiently described in the writ of *venditioni* by which he was commanded to sell them, the plaintiff was entitled to recover in the present action.

*The Court, Houston J., charged the jury.*   That as there was but one count in the declaration and it was for breaking and entering the close or house and taking away the goods of the plaintiff, and the premises were specifically designated in it as required by the statute, the trespass alleged upon the plaintiff's possession of the close and house in question, constituted it not only the main ground, but the

whole gist of the action, and made it local in its character; and the taking and carrying away of his goods from it, as alleged in the same count in this connection, was to be regarded as a continuation of the same wrong and injury, and was but a part of one and the same trespass; and both as alleged, became descriptive of it, as laid in the declaration, and it must be proved as laid or stated in it. 1 *Ch. Pl.* 393. *Smith v. Miller,* 1 *T. R.* 479. *Ropps v. Barker,* 4 *Pick.* 325. "If a count in trespass *quare clausum et domum fregit* allege also a taking of goods in that close or house, it seems that this so far operates by way of description, that if the plaintiff failed in his proof of the local trespass, he would also fail as to the trespass to the goods." 3 *Stark Ev.* 1442. It was competent, however, for the plaintiff to have avoided this result, and to have recovered for the taking of the goods merely, so far as the declaration was concerned, and saying nothing for the present in regard to the evidence in the case, by adding another and separate count, and alleging in it the taking and carrying away of the goods alone, which would have made the action, so far as that count was concerned, transitory instead of local; and upon which he might have recovered for that portion of the wrong and injury complained of, or for any other similar wrong or injury done him by the defendant, at any other time within three years next preceding the commencement of the present suit, even if he failed to prove the breaking and entering of the close, or house in question.

It was therefore necessary upon the solitary issue thus presented in the case, for the jury to be satisfied from the evidence that the defendants broke and entered the house, as well as took and carried away the goods of the plaintiff, in order to entitle him to recover in this action, and that the taking and carrying away of his goods only, would not be sufficient for that purpose. It was necessary, however, for the court further to instruct them what is required in law to constitute a tortious breaking into the dwelling house of a defendant in a writ in a civil case by a constable, or sheriff, who has process of execution in his

hands against him, and whose object in entering it, is either to seize and levy upon his goods and chattels in it, or to seize and take them into his actual possession under a writ of *venditioni exponas*, after they have been duly levied on in the case. Such an officer has no legal authority in such a case, to force an entrance from the outside by breaking open a fastened door, or raising a window ; but if he finds an outer door partially opened, or unlocked, and by lifting a latch, or by simply turning the bolt back by the knob or handle of the lock, he may rightfully do so and lawfully enter it for such purpose, and levy upon the goods and chattels of the defendant therein, and take them into his actual custody and possession and carry them away under a *fi. fa.* or, if they have been previously levied upon and left there, he may lawfully take and carry them away under a *venditioni exponas* issued upon it. It was the usual practice both of sheriffs and constables in our State, to leave the goods and chattels levied on by them in the possession of the defendant and owner of them until the time of sale, but it was only by the permission of the officer that they so retained the possession of them, who was in the mean while responsible for the forthcoming of them at the time of sale, and in whose constructive possession and actual custody they remain from the date of the levy, in contemplation of law, and in consequence of which he has a perfect right at any time afterward, to take them into his actual possession, if he sees proper to do so; and neither he, nor any one properly aiding and assisting him without any unnecessary force, in taking and carrying them away, can become a trespasser in law by doing it.

As to the kind of goods and chattels of the plaintiff which were taken and carried away by the defendant, Bloxom, as constable, under and by virtue of the levy of the *fi. fa.* upon them, and the *venditioni exponas* then in his hands, contained in the two chests spoken of by the witnesses, and a part of which, consisting of a notched stick, some papers and a Mexican silver dollar, it had been contended by the counsel for the plaintiff, were not subject to

be levied on or taken in execution under any legal process whatever, we have only to say that if there were no other questions involved in the case but that, it could not avail the plaintiff in the present action; for although, it had been held in some old cases in England that money was not liable to be taken in execution, for the quaint reason that it could not be sold, and *a fortiori*, that a notched stick, deeds, writings, or papers were equally exempt from execution process, yet, if the articles in question together with the box in which they were contained, were the property of the plaintiff at the time when the *fi. fa.* was levied upon them on the judgment of the other two defendants, Tomlinson and Burton, against him, no action of trespass, and much less, an action of trespass *quare clausum fregit*, would lie against either of them, or the constable, for seizing and taking them in execution under a writ of *fi. fa.* issued upon it, at their suit, although they might not have been liable at law to be taken in execution upon it; but his proper remedy and redress for it, would have been in another and more appropriate form of action in such a case.

But after all, the only question involved in the case and which the jury would have to decide upon the pleadings and issues joined in the action was, whether Bloxom, the defendant and constable, broke and entered with any such force or violence as we have before defined, the house and home of the plaintiff and took and carried away his goods and chattels as he had alleged. If he did so break and enter the house, it was contrary to law, and constituted a case of trespass *quare clausum fregit*, notwithstanding he did so under the color of legal process in his character as constable. He had, however, a perfect right to enter it and take the goods without the exercise of any undue force on his part, but the breaking and entering it with such force, if he did so, being itself a trespass, all he did afterward in taking and carrying away the goods, would have been equally wrongful and unlawful, and would properly constitute an aggravation of the wrong and injury done the plaintiff on the occasion, and for which he would be en-

titled to recover in the action a verdict against him as well as his co-defendants, for they were his principals, and he was in their service and employment at the time, and acting as their agent and constable in the business, for such damages as the jury might consider just and reasonable for the loss and injury sustained by him, under all the facts and circumstances proved in the case. But if from all the evidence, the jury should not be satisfied that there was a breaking and entering into the house with such undue and unlawful force as had before been stated and described in relation to that matter, their verdict should be for the defendants.

The defendants had a verdict.